IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES C. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 14-464-GMS |
| | ) | |
| GEORGE ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

The plaintiff, James C. Bell ("Bell"), filed this lawsuit on April 14, 2014 alleging race discrimination and raising claims under 42 U.S.C. §§ 1981 and 2000a. (D.I. 2.) He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

Bell alleges discrimination in public accommodation and in a place of public accommodation. Bell purchased a car stereo at a stand at the Route 13 Flea Market in Laurel, Delaware on September 1, 2013. When installed, it was discovered that it had no sound. The next weekend, Bell returned to the defendant's flea market stand to return and obtain a refund for the stereo from the defendant. The defendant did not have the same model for an even exchange, but offered Bell a model with a remote for an additional ten dollars. After some negotiation, Bell was offered a stereo for an additional five dollars, but without speakers.[1] During the negotiations, the defendant made some racially insensitive comments to Bell. The comments

---

[1]It is not clear if Bell accepted the defendant's officer. An attachment to the complaint, indicates that the defendant offered Bell $500 to end the matter and that Bell declined the offer. (D.I. 2 Angela statement.)

have caused Bell emotional distress. In addition, Bell complains that the defendant would not give him a written receipt. Instead, the defendant wrote the purchase amount, date, and his initials on the inside of the box of the stereo. Bell seeks damages and injunctive and equitable relief.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bell proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and is identical to the legal standard used when ruling on 12(b)(6) motions.

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Bell leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. 42 U.S.C. § 1981

Bell alleges race discrimination in violation of 42 U.S.C. § 1981. Section 1981 prohibits intentional race discrimination with respect to certain enumerated activities. Here, the issue is

Bell's ability to "make and enforce contracts" on nondiscriminatory terms. Section 1981 provides in relevant part that:

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . (b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. (c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

*See* 42 U.S.C. § 1981(a)-(c).

To establish a claim under § 1981, Bell must show that (1) he is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute ( i.e., the making and enforcing of a contract). *See Lewis v. J.C. Penney Co., Inc.*, 948 F. Supp. 367, 371 (D. Del. 1996). *See also, Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1102 (10th Cir. 2001). "[A] § 1981 claim must allege that the plaintiff was 'actually prevented, and not merely deterred,' from making a purchase or receiving service after attempting to do so.'" *Henderson v. Jewel Food Stores, Inc.*, 1996 WL 617165 (N.D. Ill. Oct. 23, 1996). In addition, "where a customer has engaged in an actual attempt to contract that was thwarted by the merchant, some courts have been willing to recognize a § 1981 claim." *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 752 (2001).

The § 1981 claim, as alleged, fails to establish a required element of the cause of action. Bell has not established that the alleged discrimination concerned one or more of the activities enumerated in § 1981. More specifically, the complaint fails to allege that the defendant

interfered with Bell's contractual rights in the context of any implicit retail contract he might have had with the defendant. The allegations indicate that Bell was permitted to shop at the defendant's flea market stand, to pay for the stereo, and to return the stereo, and/or to exchange the stereo in return for a different model for a nominal increase in price. There are no allegations that Bell was prohibited from engaging in a commercial transaction with the defendant.

Accordingly, the court finds the claim raised pursuant to 42 U.S.C. § 1981 frivolous, and it will be dismissed will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**B. 42 U.S.C. § 2000a**

Bell also attempts to raise a claim under 42 U.S.C. § 2000a. To state a claim under § 2000a, a plaintiff must demonstrate that he (1) is a member of a protected class (race, color, religion, or national origin), (2) attempted to contract for services and afford himself of the full benefits and enjoyment of a public accommodation, (3) was denied the full benefits or enjoyment of a public accommodation, and (4) such services were available to similarly situated persons outside his protected class who received full benefits or were treated better. *See* 42 U.S.C. § 2000a(a); *see also McCrea v. Saks, Inc.*, 2000 WL 1912726, at *2 (E.D. Pa. Dec. 22, 2000).

The court first considers whether a flea market stand such as the place where Bell purchased his stereo is a place of "public accommodation" within the meaning of Section 2000a.

Section 2000a(b)(2), provides that places of public accommodation include:

> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests . . .; (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station; (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and (4) any establishment (A)(i) which is physically

> located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

*See* 42 U.S.C. § 2000a(b)(2).

Section 2000a(b)(2) presents a detailed list of establishments, none of which is a flea market stand. In addition, a review of case law reveals that a flea market stand is not a place of public accommodation and, therefore, does not fall into one of the enumerated categories covered by the statute.[2] *See e.g., Xuli Zhang v. Ross Store Inc.*, 2011 WL 8129471, at *3 (E.D. Va. May 17, 2011) ("It is clear on the face of the statute that Ross, a clothing retail store, is not a place of public accommodation."); *see also*, *e.g.*, *See Gigliotti v. Wawa Inc.*, 2000 WL 133755, at *2 (E.D. Pa. Feb. 2, 2000) (Wawa, a retail convenience store, is not principally engaged in selling food for consumption on premises or any other type of public accommodation); *Brackens v. Big Lots, Inc.*, 2007 WL 208750, at *3 (W.D. Tex. Jan. 24, 2007) ("Big Lots, a retail store that is not 'principally engaged in selling food for consumption on premises'. . . , is not covered by Title II."); *Fox v. Vitamin Cottage Natural Grocers*, 2006 WL 2308492, at *7 (D. Colo. Aug. 9, 2006) ("Retail stores, food markets, and similar establishments were excluded from the Act for the policy reason that there was little, if any, discrimination in their operation.").

Bell's § 2000a claim fails as a matter of law. Therefore, the court will dismiss the claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[2]The court also notes that Bell seeks damages as well as injunctive relief. A plaintiff is only entitled to injunctive relief under § 2000a. *See Neman v. Piggie Park Enterprise, Inc.*, 390 U.S. 400, 402 (1968).

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). In light of the nature of Bell's claims, the court finds that amendment would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

June 19, 2014
Wilmington, Delaware